## (November 15, 1971)

■ In the Matter of KEITH G. (ANONYMOUS), a Person Alleged to be a Juvenile Delinquent, Appellant.— Motion by respondent (petitioner below) for reargument granted and, upon reargument, the decision and order of this court dated April 19, 1971 (*Matter of Keith G.,* 36 A D 2d 843) are recalled and vacated and the following new decision is rendered: Appeal from an order of the Family Court, Kings County, dated January 15, 1969, and made after a fact-finding hearing, which adjudicated appellant a juvenile delinquent and placed him on probation for two years. Order affirmed. In view of the decision in *Matter of Ivan V.* (29 N Y 2d 583) we are constrained to hold that *Matter of Winship* (397 U. S. 358), insofar as that case mandated the reasonable doubt standard of proof for juvenile delinquency proceedings, is not to be applied retroactively to the instant case which was in the appellate process when *Winship* was decided. We have considered and rejected appellant's other contentions. While we are of the opinion that petitioner had the burden at the hearing to show that any inculpatory statements to be introduced into evidence were voluntary and were obtained in accordance with the requirements of due process, by appellant's failure to make a specific objection upon appropriate grounds to the admission of such testimony the point has not been preserved for appellate review (*People* v. *Ross,* 21 N Y 2d 258). Munder, Acting P. J., Martuscello, Shapiro and Gulotta, JJ., concur; Benjamin, J., concurs in granting reargument and in recalling and vacating the decision and order of this court dated April 19, 1971, but otherwise dissents and votes to reverse the order of the Family Court and to dismiss the proceeding, with the following memorandum: Keith, G., a 15-year-old boy, was on January 15, 1969 adjudicated a juvenile delinquent because of an alleged violation of former subdivision 9 of section 240.35 of the Penal Law — loitering for the purpose of using drugs (the provision now is § 240.36). The sole proof of drug use was his admission to the police, at the station house, that "he split half a bag". The record does not disclose that the *Miranda* (*Miranda* v. *Arizona,* 384 U. S. 436) warnings were

given. Nor does it disclose that section 724 of the Family Court Act was complied with.* In view of the silence of the record on these two vital points, petitioner did not sustain his burden of proving the voluntariness of the admission upon which this adjudication rests; and that admission should have been excluded from evidence (*Matter of Aaron D.*, 30 A D 2d 183; *Matter of Gault*, 387 U. S. 1; *Matter of Gregory W.*, 19 N Y 2d 55; *People* v. *Barton*, 30 A D 2d 764). Without that admission there is no proof to support the juvenile delinquency adjudication. I disagree with the majority's holding that this point was not preserved for appellate review because the juvenile's Law Guardian made only a general objection when the subject of admissions arose, and did not specifically object to receipt of the admission in evidence on the grounds of noncompliance with *Miranda* and *Aaron D.* (*supra*). The majority bottoms this holding on *People* v. *Ross* (21 N Y 2d 258). But *Ross* involved an adult criminal trial, not a juvenile delinquency proceeding; and in my view it would be inappropriate to apply this strict rule of adult criminal trials (essentially adversary proceedings) to a juvenile delinquency proceeding wherein the rights of a ward of the court are presumably being protected by a Law Guardian who is an arm of the court. In my opinion, *Ross* does not control the subject proceeding; and the general objection of the Law Guardian sufficiently preserved the question for our review.

---

* That section requires that a police officer having custody of a juvenile shall immediately notify his parents and then release him to his parents or forthwith take him to the Family Court, and not to a police station; and that, if it be necessary to question him, he shall be taken to a facility designated by the Appellate Division for that purpose or to a place designated by court rules as a juvenile detention facility. The failure to comply with this section warrants the exclusion of any admissions made by the juvenile (*Matter of Aaron D.*, 30 A D 2d 183).