■ IRENE HETZ et al., Appellants, v. FIRST METHODIST CHURCH OF THE METHODIST CHURCH OF THE UNITED STATES, Respondent.— In a negligence action to recover damages for personal injuries sustained by the plaintiff wife, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered June 9, 1971, in favor of defendant, upon a jury verdict for defendant at a trial limited to the defense of release. Judgment affirmed, without costs. No opinion. Latham, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and to direct a verdict in favor of plaintiffs on the issue of release, with the following memorandum: It was unconscionable, as a matter of law, for defendant to take a release from plaintiffs.

■ In the Matter of JEFFREY B. (Anonymous), Appellant.— Appeal from an order of the Family Court, Queens County, dated August 17, 1972, which, after a prior determination that appellant is a person in need of supervision, directed that he be placed in the Goshen Annex of the New York State Training School for a period of up to 18 months. Order reversed, on the law, without costs, and new hearing ordered on the issue of placement. The appeal did not present questions of fact. Pending the entry of a new order determining the issue after the new hearing, appellant shall remain in the custody of the Goshen Annex of the New York State Training School, as upon a temporary placement. In our opinion, the Family Court abused its discretion when it denied the Law Guardian's motion for an adjournment of the dispositional hearing. The court thereby prevented appellant from presenting testimony on his behalf. Furthermore, there is no proof in the record that appellant could be properly treated at the Goshen Annex. Munder, Acting P. J., Martuscello, Shapiro, Gulotta and Brennan, JJ., concur.

■ In the Matter of BARBARA BANNON, Respondent, v. GERARD A. BANNON, JR., Appellant.— In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Nassau County, dated January 10, 1972 and entered March 20, 1972, which modified a prior order of the said court dated June 22, 1970 and entered August 24, 1970, by increasing the sum awarded as child support from $30 to $40 per week. Order modified, on the law, by striking the words "on consent" from the decretal paragraph thereof. As so modified, order affirmed, without costs. The findings of fact below are affirmed. It is clear that appellant's attorney made timely objection to the ruling of the Family Court and thus the order appealed from is erroneous in stating that it was entered on consent. It is thus appealable. In our opinion, the increase to $40 per week was supported by the evidence. Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., and Gulotta, J., dissent and vote to reverse and to grant a new hearing, with the following memorandum: We agree that the order is appealable. However, in our opinion, a new hearing is required because the record is barren of any evidence which would tend to establish the child's requirements (*Matter of Barry v. Barry,* 32 A D 2d 540; *Matter of Silvestris v. Silvestris,* 24 A D 2d 247).