■ In the Matter of EARL M., a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from three orders of disposition of the Family Court, Kings County, each dated May 25, 1976, and each of which, upon a finding that appellant is juvenile delinquent, made after a fact-finding hearing, placed him with the Division for Youth in a Title III facility for a period of 18 months. Orders of disposition reversed, on the law and in the exercise of discretion, without costs or disbursements; motion to suppress evidence in proceeding under Docket No. D 17370/75 granted and the said proceeding is dismissed; proceedings under Docket Nos. D 14383/75 and D 1241/76 remanded to the Family Court for the holding of a new dispositional hearing in accordance herewith. A review of the record of the fact-finding hearing of December 18-23, 1975 (Docket No. D 17370/75) indicates that there was a failure to prove beyond a reasonable doubt that the inculpatory statements made by appellant (the only evidence adduced against him) were made knowingly and voluntarily and without violation of his constitutional rights. The motion to suppress those statements has therefore been granted, and the proceeding dismissed (see *Matter of Keith G.,* 37 AD2d 971; *Matter of Kevin R.,* 42 AD2d 541). At the fact-finding hearing of January 5, 1976 (Docket No. D 14383/75) the Family Court, over

the objection of appellant's Law Guardian, appointed a court clerk to serve as guardian ad litem for appellant because of his aunt's absence, and denied the Law Guardian's request for an adjournment in order to obtain the presence of the aunt. Although this action by the court strikes us as somewhat unusual, and is not to be recommended as a routine practice, we find that appellant has not shown that he was prejudiced by such action. The eyewitness testimony against him was overwhelming, the Law Guardian who represented him conducted adequate cross-examination and the court, in the light of the history of delay, much of it caused by appellant, was justified in denying any further postponements. A serious error occurred at the dispositional hearing when the court refused to defer the placement of appellant until after he had been given a complete neurological examination. Appellant's Law Guardian requested that this be done, as was recommended by the doctor who conducted the psychiatric examination because appellant (who is a person of rather limited mental ability and who has a history of erratic and anti-social behavior) complained of suffering severe headaches and had admitted to hearing a voice calling him. The court, apparently convinced that a physical examination which had disclosed no visible symptoms was enough, and that the appellant had had his chance with less restrictive programs and "blew it" (and also convinced that there is only a technical and unimportant difference between Title II and Title III placements), placed him in a Title III facility (State training school). This was an abuse of discretion. The court is obligated to provide an appropriate order of disposition for any person adjudged a juvenile delinquent (see Family Ct Act, § 711). Where a complete neurological examination is indicated as necessary to help in determining the cause of such behavior and symptoms as those evinced by appellant, the recommended testing should be done (see *Matter of Kevin M.*, 48 AD2d 800). The placement of a youth in a training school should have been made only after all indicated diagnostic work had been done and a judgment made that such a facility could provide proper therapy for this troubled youth (see *Matter of John H.*, 48 AD2d 879; *Matter of Shirley G.*, 45 AD2d 876; *Matter of Jeffrey B.*, 40 AD2d 1013). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.